[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16733
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-24288-KMM


FRANCO ARIEL SCIAMARELLI,

Plaintiff-Appellant,

versus

DISTRICT DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,
FIELD OFFICE DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION
SERVICES,
DIRECTOR, US CITIZENSHIP AND IMMIGRATION SERVICES,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY,
U.S. ATTORNEY GENERAL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 16, 2017)

Before ED CARNES, Chief Judge, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Franco Sciamarelli filed a lawsuit seeking review of the denial of his application for naturalization. See 8 U.S.C. § 1421(c) (permitting federal district courts to review de novo the denial of an application for naturalization). The defendants filed a motion to dismiss his complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), which the district court granted. This is Sciamarelli's appeal.

Sciamarelli, a citizen of Argentina, was lawfully admitted to the United States under the visa waiver program in November 2000, but he remained in the country beyond the period authorized.[1] In June 2001, when Sciamarelli was 17 years old, his stepfather, who had been admitted to the United States as a lawful permanent resident, filed on Sciamarelli's behalf a Form I-130 visa petition, which, if approved, would have made him eligible to receive a visa. More than four years later, on December 5, 2005, Customs and Immigration Services (CIS) approved that petition and Sciamarelli received a visa.

---

[1] Because this is an appeal from the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), the following facts are taken from Sciamarelli's complaint, and we accept those facts as true and construe them in the light most favorable to him. See Butler v. Sheriff of Palm Beach Cty., 685 F.3d 1261, 1263 n.2 (11th Cir. 2012). Our review of the district court's judgment is de novo. Id. at 1265.

Sciamarelli's stepfather was naturalized as a United States citizen on June 29, 2007, when Sciamarelli was 23 years old. Based on his stepfather's citizenship, Sciamarelli filed an "Application for Adjustment of Status" to lawful permanent resident. CIS approved that application in March 2008. Having been admitted as a permanent resident (which is a prerequisite to citizenship), Sciamarelli filed an application for naturalization. CIS eventually denied his application for naturalization, concluding that in 2008 it had erroneously granted his application for adjustment of status to permanent resident. And because he was not a lawful permanent resident, he did not meet all of the requirements for citizenship and was not eligible for naturalization.

Sciamarelli filed an administrative challenge to that denial, and CIS affirmed its earlier decision, concluding that it should not have adjusted his status to lawful permanent resident in 2008 because (1) he had not continuously maintained lawful status in the United States since his arrival, and (2) he did not fall within the exception to that requirement, which permits adjustment to permanent resident status for aliens who have not maintained lawful status since entering the country but who qualify as an "immediate relative" of a United States citizen.

Under 8 U.S.C. § 1255(a), "[t]he status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General . . . to that of an alien lawfully admitted for permanent residence" if he

meets certain qualifications.  Generally an alien may not be lawfully admitted for permanent residence if he "has failed . . . to maintain continuously a lawful status since ent[ering] the United States."  8 U.S.C. § 1255(c)(2).  One exception to that rule provides that an alien who qualifies as an "immediate relative" of a United States citizen may adjust his status to lawful permanent resident even if he has failed to continuously maintain a lawful status.  Id.  "Immediate relatives" include a citizen's unmarried children if they are under the age of 21.  See 8 U.S.C. § 1151(b)(2)(A)(i) ("The term 'immediate relatives' means the children, spouses, and parents of a citizen of the United States . . . .");  8 U.S.C. § 1101(b)(1) (providing that the term "child" means certain people, including a stepchild, under the age of 21).

Sciamarelli concedes that he failed to continuously maintain a lawful status since entering the United States.  But he contends that he qualified as his stepfather's "immediate relative" when he filed his application for adjustment of status to permanent resident in 2007, even though he was 23 years old at that time, and as a result CIS lawfully adjusted his status and admitted him for permanent residence in 2008.  Whether Sciamarelli is correct turns on whether his age was adjusted to under 21 when he sought to be admitted as a permanent resident in 2007.

4

8 U.S.C. § 1151(f) sets out special "[r]ules for determining whether certain aliens are immediate relatives." If a visa petition is filed by a child of a United States citizen, then the child's age "on the date on which the petition is filed" governs whether that child meets the age requirement to classify as an "immediate relative" of a United States citizen. 8 U.S.C. § 1151(f)(1). However, if a visa petition is filed by a child of a lawfully admitted non-citizen parent, and if that parent later becomes naturalized while the petition is pending, then determination of whether the child qualifies as an "immediate relative" is made using the child's age "on the date of the parent's naturalization." 8 U.S.C. § 1151(f)(2).

Sciamarelli contends that CIS, when it approved his application for permanent residence, could have concluded that, under § 1151(f)(1), it was permitted to adjust his age to account for the four years his Form I-130 visa petition was pending. And, when those four years are subtracted from his age at the time his stepfather was naturalized, his adjusted age was under 21, qualifying him as an "immediate relative." He argues that CIS could have approved his application for adjustment of status to lawful permanent resident by finding that he was his stepfather's "immediate relative."

Sciamarelli was 23 and had no pending visa petition at the time his stepfather was naturalized. Under those circumstances, CIS was not permitted to adjust his age to under 21. For that reason, Sciamarelli was not the child of a

5

United States citizen and did not qualify as his stepfather's "immediate relative" when CIS approved his application for adjustment of status to lawful permanent resident. And because Sciamarelli did not qualify as an "immediate relative" of a United States citizen and had not continuously maintained lawful status since entering the country, he was not eligible to become a lawful permanent resident.[2] As a result, Sciamarelli's complaint failed to state a claim showing that he was entitled to naturalization.

**AFFIRMED.**

---

[2] Sciamarelli alternatively points to § 1153(h)(1), which he contends permits his age to be adjusted for purposes of his petition. That provision, however, is limited to determining the age of a child in a specific visa preference category and does not adjust an alien's age for "immediate relative" purposes. See In re Daniel Edgar Zamora-Molina, 25 I. & N. Dec. 606, 611 (B.I.A. 2011) ("Section [1153](h)(1) . . . does not, however, apply to determinations of immediate relative status. By its terms, [it] is limited to calculating the adjusted age of aliens in the 2A-preference category and derivative beneficiaries.").